**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **TENISHA BREWER, KATHERINE ROUNTREE, DAPHANIE JONES, AND ALL OTHERS SIMILARLY SITUATED,** *Plaintiffs*, v. **MOLINA HEALTHCARE, INC.** *Defendant*. | **Civil Action No.** **Judge** |

## PLAINTIFFS' ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Tenisha Brewer, Katherine Rountree and Daphanie Jones bring this action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 Class Members, and in support show the Court the following:

### I.    SUMMARY

1.      This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, and a Rule 23, opt-out class action brought pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("Illinois Wage Law" or "IL Wage Law") California Labor Code ("California Wage Law" or "CA Wage Law"); and N.M. Stat. Ann. §50-4-19, *et seq*. ("New Mexico Wage Law" or "NM Wage Law"); and other applicable state laws (all collectively, "State Wage Laws").

2.      Plaintiffs and the respective Class Members worked for Defendant as "Case Managers" whose primary responsibilities included conducting on-site member assessments, imputing member information into Defendant's automated system, and ensuring members completed all necessary authorizations for receipt of insurance benefits.

3.      Defendants misclassified Case Managers as exempt from overtime, paid them on a salary basis, and refused to pay them overtime despite regularly working over 40 hours per workweek.

## II.      PARTIES

4.       Plaintiff Tenisha Brewer ("Brewer") is a resident of this District and worked as a Case Manager for Defendant in Illinois over the last two years. Her consent to participate is attached as Exhibit A.

5.      Plaintiff Katherine Rountree ("Rountree") is a resident of New Mexico and worked as a Case Manager for Defendant in New Mexico over the last two years. Her consent to participate is attached as Exhibit B.

6.      Plaintiff Daphanie Jones ("Jones") is a resident of California and worked as a Case Manager for Defendant in California over the last two years. Her consent to participate is attached as Exhibit C.

7.      Plaintiffs bring this action individually and on behalf of those similarly situated ("FLSA Class Members") pursuant to the FLSA. The FLSA Class Members consist of all former employees paid on a salary basis whose primary job duties consisted of conducting on-site member assessments, imputing member information into Defendant's automated system, and ensuring members completed all necessary authorizations for receipt of insurance benefits ("Case Managers"). The FLSA Class Members include, without limitation, such job titles as "Case Manager," and all job titles performing similar duties. The FLSA Class Members do not include individuals participating in *Gongora-Ownby v. Molina Healthcare, Inc. et al.*, Case No. 3:16-cv-379, Western District of Texas, El Paso Division, or individuals working for Defendant in Texas.

8.      Plaintiff Brewer also brings this action as a Rule 23 action on behalf of all Case Managers who worked for Defendant in Illinois in the prior three years who Defendant paid on a salary basis ("IL Class Members").

9. Plaintiff Rountree also brings this action as a Rule 23 action on behalf of all Case Managers who worked for Defendant in New Mexico in the prior three years who Defendant paid on a salary basis ("NM Class Members").

10. Plaintiff Jones also brings this action as a Rule 23 action on behalf of all Case Managers who worked for Defendant in California in the prior four years who Defendant paid on a salary basis ("CA Class Members").

11. Defendant Molina Healthcare, Inc. is a Delaware corporation that has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiffs' FLSA claim because that claim arises under federal law pursuant to 29 U.S.C. § 216(b) and pursuant to 28 U.S.C. § 1331.

13. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District and because one or more of the Parties reside in this District.

### IV. COVERAGE

15. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the respective Class Members.

**PLAINTIFFS' ORIGINAL COMPLAINT**

16. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and State Wage Laws.

17. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). Plaintiffs and the Class Members specifically handled materials, including computer and other equipment, to conduct medical assessments.

19. At all times hereinafter mentioned, Plaintiffs and respective Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

## V.     FACTUAL ALLEGATIONS

20. Defendant has had business operations throughout the United States, including in Illinois and this Judicial District, and its annual gross volume of sales made or business done exceed $500,000.00 per year.

21. Named Plaintiff Brewer worked as a Case Manager from approximately June 2014 through March 2016 and worked over 40 hours in one or more work weeks during the last three years.

22.     Named Plaintiff Jones has worked as a Case Manager for Defendant within California and from approximately November 2013 to the present and worked over 40 hours in one or more work weeks during the last three years.

23.     Named Plaintiff Rountree worked as a Case Manager for Defendant within New Mexico from approximately August 2013 through February 2014 and worked over 40 hours in one or more work weeks during the last three years.

24.     As Case Managers, Plaintiffs' primary job duties consisted of conducting on-site member assessments, imputing member information into Defendant's automated system, and ensuring members completed all necessary authorizations for receipt of insurance benefits. These job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

25.     Plaintiffs each routinely worked over 40 hours per week, but Defendant failed to pay them any overtime premium for all hours worked in excess of 40 per workweek.

26.     Instead of providing Plaintiffs with overtime pay, Defendant classified Plaintiffs as exempt and paid them on a salary basis with no overtime pay for their many hours of overtime work.

27.     Defendant knew that Plaintiffs worked in excess of 40 hours per week.

28.     Plaintiffs are entitled to receive overtime pay for all the hours worked in excess of 40 per workweek.

29.     Defendant willfully misclassified Plaintiffs as exempt and refused to pay them overtime, despite (1) having awareness of the FLSA's minimum wage and overtime requirements; (2) routinely receiving complaints from Plaintiffs and the respective Class Members regarding their pay and excessive overtime hours; (3) paying workers who performed substantially similar and non-exempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiffs overtime.

## VI.    COLLECTIVE AND CLASS ALLEGATIONS

30.    Plaintiffs Daphanie Jones, Tenisha Brewer, and Katherine Rountree bring their FLSA claims as a collective action under 29 U.S.C. § 216(b), and their California, New Mexico, Illinois and other state law claims as a class action under Federal Rule of Civil Procedure 23.  Their Consents to join this suit are attached as Exhibits A-C.

31.    The similarly situated FLSA Class Members are Defendant's current and former employees paid on a salary basis that worked more than 40 hours during any workweek over the last three years whose primary job duties consisted of conducting on-site member assessments, imputing member information into Defendant's automated system, and ensuring members completed all necessary authorizations for receipt of insurance benefits. This class includes, without limitation, such job titles as "Case Manager," and all job titles performing similar duties.

32.    Plaintiffs bring their class action on behalf of the respective IL Class Members, NM Class Members, and CA Class Members (collectively "Rule 23 Class Members") which is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

33.    The Rule 23 Class Members are so numerous that their joinder is impracticable. While the precise number of the Rule 23 Class Members is unknown, at least 100 Class Members have worked at least one workweek of more than 40 hours in each of Illinois, New Mexico over the past three years and California over the last four years.

34.    Common questions of law and fact for the Rule 23 Class Members predominate over any questions affecting any individual member, including: (1) whether Defendant violated relevant state wage laws by failing to pay the Rule 23 Class Members overtime compensation for all hours worked in excess of forty in an individual workweek; (2) the proper measure of damages sustained by the Rule 23 Class Members; and (3) whether Defendant should be enjoined for such violations in the future.

35. Plaintiffs' claims are typical of those of the Rule 23 Class Members. Plaintiffs and the Rule 23 Class Members (1) had the same primary job duties; (2) were classified as exempt from overtime; (3) worked in or out of their respective states in at least one workweek in the respective statutory periods; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all overtime hours worked.

36. Plaintiffs will fairly and adequately protect the Rule 23 Class Members' interests and have retained counsel experienced in complex wage and hour class action litigation.

37. The class action is maintainable under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members across the jurisdictions in which Defendant does business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendant.

38. This class action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

39. The class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdictions in which Defendant does business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendant.

40. The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a

fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants.

42.     Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. No apparent difficulties exist in managing this class action. Plaintiffs intend to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

43.     The class action is also maintainable under Rule 23(c)(4) with respect to particular legal and factual issues raised in this litigation.

### VII.     COUNT ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

44.     Plaintiffs incorporate all of the previous paragraphs as if fully stated herein.

45.     During the relevant period, Defendant violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing Plaintiffs and other Case Managers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

46.     Defendant acted willfully in failing to pay Plaintiffs and other Case Managers in accordance with the law.

### VIII.  COUNT TWO: VIOLATION OF THE ILLINOIS WAGE LAW

47.     Plaintiffs incorporate all of the previous paragraphs as if fully stated herein.

48.     Plaintiff Brewer and the IL Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times their regular rate of pay for work performed

in excess of 40 hours in a workweek pursuant to the formula outlined in IL Wage Law and specifically the Illinois Minimum Wage Law.

49.     During the relevant time period, Defendant violated and continues to violate the IL Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

50.     Pursuant to 820 ILCS 105/12(a), Plaintiff Brewer and the IL Class Members are entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus damages in an amount of two percent (2%) per month of the amount of the underpayments.

## IX.     COUNT THREE:  VIOLATION OF NEW MEXICO WAGE LAW

51.     Plaintiffs incorporate all of the previous paragraphs as if fully stated herein.

52.     Plaintiff Rountree and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times their regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

53.     During the relevant time period, Defendant violated and continues to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

54.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Rountree and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages.

55.     Plaintiff Rountree and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in

bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Law.

## X. COUNT FOUR: VIOLATION OF CALIFORNIA WAGE LAW

**Failure to Pay Overtime Compensation**

56.   Plaintiffs incorporate all of the previous paragraphs as if fully stated herein.

57.   Defendant willfully violated its obligations under California law, including those under Labor Code § 510 and IWC wage order No. 4, § 3, and California Labor Code §1194, *et seq.*, by failing to pay CA Class Members the legal overtime compensation applicable to CA Class Members.

58.   As a direct and proximate cause of Defendant's actions, Named Plaintiff Jones and CA Class Members have suffered damages.

**Failure to Immediately Pay Wages Upon Discharge/Layoff/Resignation**

59.   Plaintiffs incorporate all of the previous paragraphs as if fully stated herein.

60.   Defendant willfully violated its obligations under California law, including those under California Labor Code § 201, *et seq.*, by willfully failing to pay CA Class Members who have been discharged or laid off all wages earned and unpaid at the time of discharge or layoff.

61.   Defendant willfully violated its obligations under California law, including those under California Labor Code § 202, *et seq.*, by willfully failing to pay CA Class Members who have resigned all wages earned and unpaid at the time of resignation, or within 72 hours thereafter.

62.   Defendant did not pay CA Class Members who were discharged, were laid off or resigned their regular or statutorily required rate of pay for all hours worked, as required by California law. Defendant's failure to pay those amounts is ongoing.

63.   As a direct and proximate cause of Defendant's actions, CA Class Members have suffered damages.

64.     Defendant is liable to CA Class Members for statutory penalties, pursuant to California Labor Code § 203, in the amounts set forth therein.

**Failure to Provide Required Meal and Rest Periods**

65.     Plaintiffs incorporate all of the previous paragraphs as if fully stated herein.

66.     Defendant willfully violated its obligations under California law, including those under California Labor Code §§ 226.7 and 512, *et seq.*, by willfully failing to provide CA Class Members with legally required meal and rest periods.

67.     Defendant repeatedly and regularly interrupted CA Class Members' meal and rest periods and/or required CA Class Members to forego their meal and rest periods.

68.     Defendant failed to compensate CA Class Members for missed meal and rest breaks.

69.     As a direct and proximate cause of Defendant's actions, CA Class Members have suffered damages.

**Failure to Furnish Timely and Accurate Wage Statements**

70.     Plaintiffs incorporate all of the previous paragraphs as if fully stated herein.

71.     Defendant willfully violated its obligations under California law, including those under California Labor Code §§ 226(a) and 226.3, *et seq.* and IWC wage order No. 4, § 7(B), by willfully failing to provide class members with timely and accurate wage statements as required by California law.

72.     As a direct and proximate cause of Defendant's actions, CA Class Members have suffered damages.

73.     Wherefore, CA Class Members request relief as described below.

### XI. COUNT FIVE: UNLAWFUL BUSINESS PRACTICES
### (for California Class Members)

74.     Plaintiffs re-allege the above paragraphs as if fully restated herein.

75.     Defendant's failure to pay CA Class Members for all hours worked constitutes unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professional Code § 17200, *et seq.*

76.     The conduct of Defendant in failing to pay CA Class Members for all hours worked constitutes and was intended to constitute unfair competition and unlawful unfair and fraudulent business acts and practices within the meaning of California Business and Professional Code § 17200, *et seq*.

77.     As a result of Defendant's violations of California Business and Professional Code § 17200, *et seq*., Defendant has unjustly enriched itself at the expense of CA Class Members.

78.     To prevent its unjust enrichment, Defendant should be required, pursuant to California Business and Professional Code §§ 17203 and 17204, to disgorge its illegal gains for purpose of making full restitution to all injured CA Class Members.  Defendant should also be permanently enjoined from continuing its violations of California Business and Professional Code § 17200, *et seq*.

79.     Defendant willfully violated its obligations under the California Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.) is liable to CA Class Members.

80.     Wherefore, CA Class Members request relief as described below.

## XII.  RELIEF SOUGHT

81.     WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendant as follows:

a)     an order preliminarily and permanently restraining Defendant from engaging in the aforementioned pay violations; and

b)     an award to Plaintiffs of the value of the hours and wages, including overtime pay, which were not properly compensated under the FLSA and applicable state law; and

c)     liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to Plaintiffs; and

d)     an Order awarding Plaintiff Brewer and the IL Class Members damages pursuant to the formula set forth in 820 ILCS 105/12(a)

e)     an award of statutory and other damages to Plaintiff Jones and the CA Class Members to compensate for missed meal period compensation and missed rest period compensation; failure to provide itemized wage statements that comply with the requirements of Labor Code § 226; waiting time penalties pursuant to Labor Code § 203; restitution of all amounts owed for Defendant's failure to pay legally required overtime pay, minimum wage for all hours worked, missed meal period pay, missed rest period pay, and interest thereon pursuant to Business & Professions Code § 17203;

f)     an Order awarding Plaintiff Rountree and the NM Class Members an amount equal to twice the unpaid wages as liquidated damages, prejudgment interest and all available penalties under New Mexico law;

g)     an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights under applicable federal and state law; and

h)     a service payment to the Named Plaintiffs for services provided on behalf of the class;

i)     an award of pre- and post- judgment interest; and

j)     such other and further legal or equitable relief as this Court deems to be just and appropriate.

Respectfully submitted,

s/Douglas M. Werman
DOUGLAS M. WERMAN –
dwerman@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

J. DEREK BRAZIEL*
JAY FORESTER*
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
www.overtimelawyer.com

JACK SIEGEL*
Siegel Law Group PLLC
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
www.siegellawgroup.biz

*Application for admission pro hac vice
forthcoming
ATTORNEYS FOR PLAINTIFFS